UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GRIMES, BK2773,<br><br>    Petitioner,<br><br>    v.<br><br>LISA NOVAK,<br><br>    Respondent. | Case No. 20-cv-02814-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST**<br><br>(ECF No. 2) |

Petitioner, a state prisoner at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of pre-sentence time credits in connection with a sentence from San Mateo County Superior Court.  Petitioner also seeks leave to proceed in forma pauperis (ECF No. 2) which, good cause shown, is granted.

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  Petitioner has not done so.  He has not presented the Supreme Court of California with an opportunity to consider and rule on his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims).  The petition for a writ of habeas corpus therefore is DISMISSED without prejudice to filing a new petition after state judicial remedies are exhausted.

The clerk shall close the file and terminate all pending motions (see ECF No. 2) as moot.

**IT IS SO ORDERED**.

Dated: May 12, 2020

_____
CHARLES R. BREYER
United States District Judge